Filed 1/15/21  P. v. Elghembri CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AHMED MOHAMED ELGHEMBRI,<br><br>    Defendant and Appellant. | G058659<br><br>(Super. Ct. No. 06NF4238)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2008, a jury convicted defendant Ahmed Mohamed Elghembri of attempted murder, assault with a firearm, shooting from a motor vehicle, shooting at an occupied motor vehicle, and carrying a loaded firearm in public. The court sentenced defendant to a state prison term of 25 years; five years for the attempted murder and a consecutive 20 years for a firearm enhancement. On his direct appeal from the judgment, defendant did not challenge the conviction of attempted murder nor the true finding on the firearm enhancement, nor the sentence imposed on the attempted murder and firearm enhancement. Instead, he argued the court committed sentencing error on the remaining convictions. (*People v. Elghembri* (Mar. 19, 2010, G042274) [nonpub. opn.].) We agreed with defendant's assertion of sentencing error and remanded the matter for resentencing only. (*Ibid.*) On remand, the court corrected the sentencing error and, as before, resentenced defendant to an aggregate state prison term of 25 years.

On October 1, 2019, Philong Huynh, describing himself as "a fellow prisoner and 'next friend'" of defendant, filed two nearly identical petitions for resentencing pursuant to Penal Code section 1170.95.[1] The petitions alleged defendant had "been taken without notice by prison officials and re-housed in administrative segregation housing leaving him personally unable to file this petition on his own."[2] Huynh further alleged, on information and belief, that defendant was found guilty of attempted murder without premeditation, and "the prosecution proceeded under the natural and probable consequences theory of liability which has now been obviated by [Senate Bill No.] 1437 (PC 1170.95) . . . ." Huynh requested that defendant's "sentence be vacated for the now admittedly wrong theory of liability under the law (natural and probable consequence theory)."

_____

[1] All further statutory references are to the Penal Code.

[2] We note that although defendant did not himself file the section 1170.95 petitions, he did personally file and sign both the notice of appeal and his supplemental briefs on appeal.

The court summarily denied defendant's petition, and explained: "The petition does not set forth a prima [facie] case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

Defendant timely filed a notice of appeal and we appointed counsel to represent him. Counsel did not argue against defendant but advised the court he was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was given the opportunity to file written argument on his own behalf, and he has done so, filing two supplemental briefs—the second of which expanded upon the first.

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

## DISCUSSION

Defendant's section 1170.95 petition is without merit for at least three independent reasons. (1) The petition is incomplete because defendant has not signed a supporting declaration—Huynh lacks standing to file the petition on defendant's behalf; (2) section 1170.95 is not available to those convicted of attempted murder; and (3) the record of conviction establishes that defendant was the direct perpetrator of the attempted murder. He was not convicted on the natural and probable consequences theory of vicarious liability.

3

*Huynh Lacks Standing*

We have found no authority that would permit a fellow prisoner to file a section 1170.95 petition as the "next friend" of the moving defendant. Although section 1474 allows a petition for writ of habeas corpus to be "signed either by the party for whose relief it is intended, or by some person in his behalf," the circumstances under which a fellow prisoner may sign a habeas petition on behalf of another are extremely limited. Our Supreme Court has explained: "'[A]lthough [the habeas petition] may be prepared by another, [the application] should be signed, verified, and filed by the inmate or inmates seeking relief' [citation], and that 'Only in *very exceptional circumstances* will a "next friend" application [citation] be entertained. "[The] complaint must set forth some reason or explanation . . . showing why the detained person does not sign . . . . It was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends."'" (*In re Hop* (1981) 29 Cal.3d 82, 87.)

Here, defendant invokes section 1170.95, not habeas relief. But section 1170.95's standing requirement is even less forgiving than the standing requirement for habeas relief. "The [section 1170.95] petition *shall* include all of the following:" "A declaration *by the petitioner* that he or she is eligible for relief under this section . . . ." (§ 1170.95, subd. (b)(1)(A), italics added.) Defendant's petition did not include his signed declaration and was thus incomplete. The declaration by defendant's "next friend," based on information and belief, does not fulfill the statutory requirement. *Huynh* lacks standing to petition on defendant's behalf, and the petition should not be considered.

4

*Section 1170.95 Does Not Apply to Attempted Murder*

Even if defendant's petition could be considered, it fails for the additional reason that section 1170.95 does not apply to those convicted of attempted murder. The statute plainly limits those who have standing to bring a motion for relief under its terms to persons convicted of murder, not attempted murder. "A person convicted of felony *murder* or *murder* under a natural and probable consequences theory may file a petition with the court . . . ." (*Id.*, subd. (a), italics added.) Thus, relief under section 1170.95 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory . . . .'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Here, defendant was charged and convicted of *attempted* murder. He was not charged nor convicted of murder under any theory. In fact, defendant's petition alleges on its face that defendant was convicted of attempted murder, not murder. In *People v. Dennis* (2020) 47 Cal.App.5th 838, 846, review granted July 29, 2020, S262184, we held that the plain language of section 1170.95 does not permit its application to the crime of attempted murder. While this issue is currently pending before the Supreme Court, the majority of the Courts of Appeal have agreed with this reading of the statute. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279 [collecting cases], review granted Dec. 16, 2020, S265445.)

*Defendant was not Convicted Under the Natural and Probable Consequences Theory*

Finally, even if section 1170.95 applies to attempted murder, the record of conviction establishes that defendant was not convicted under the natural and probable consequences theory as he alleges. In *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted March 18, 2020, S260598, the Court of Appeal held that (1) a trial court may rely on the record of conviction in determining whether the defendant's petition makes a prima facie showing that he or she falls within the provisions of the

statute, and (2) that the record of conviction includes the opinion of the Court of Appeal in the underlying conviction.

Our opinion in *People v. Elghembri, supra,* G042274, recites a description of the evidence upon which the jury found beyond a reasonable doubt and, contrary to defendant's section 1170.95 petition, that defendant directly committed the crime of attempted murder. "Elghembri was a taxi cab driver who went up to a fellow cab driver and accused him of having taken one of his fares. When the other driver tried to avoid a confrontation by driving his taxi across the street to another hotel, Elghembri followed him. Elghembri drove up along side the other vehicle and fired one shot through the window, narrowly missing the driver." (*People v. Elghembri*, *supra*, G042274.) Moreover, defendant attaches a copy of his probation report to his section 1170.95 petition. While not technically a part of his record of conviction, the probation report upon which *he relies* recites evidence consistent with the appellate decision on his direct appeal.

Relief under section 1170.95 is restricted to those convicted of murder "under a theory of felony murder or murder under the natural and probable consequences doctrine." (§ 1170.95, subd. (a)(1).) Manifestly, defendant was *not* convicted based upon the natural and probable consequences of aiding and abetting liability, as he alleges. He was convicted as the direct perpetrator of the crime of attempted murder. Relief under section 1170.95 is not available to him.

*Defendant's Supplemental Brief Fails to Raise an Arguable Issue*

Our opinion on an independent review conducted under *Wende*, *supra*, 25 Cal.3d 436 "must reflect the defendant's contentions and the reasons that they fail." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) Here, defendant begins his argument by stating he is "dissatisfied with the results and I humbly ask this court for a further review . . . ." Thus, defendant misapprehends the purpose of a petition under section

6

1170.95. The statute may not be used as a second appeal from the underlying crime—its purpose is to give relief to those convicted of murder under theories no longer applicable because of a change in the law, not to raise challenges to the underlying trial court proceedings resulting in the conviction.

Defendant raises 15 separate issues he wishes us to consider; most of which relate to the original trial, and which, if true, are required to be raised on his direct appeal from the judgment. Other issues express remorse and a plea for mercy from his already lengthy incarceration. In summary form, defendant's contentions are as follows: (1) He had no prior convictions and had not engaged in any wrongdoing prior to his conviction; (2) he was not given the opportunity to testify in his trial; (3) he has already served two-thirds of his sentence; (4) he had underlying medical issues during the dispute with his victim; (5) he has a religious dispute with Muslim communities; (6) his defense counsel at trial applied for funds to hire an investigator and the request was denied; (7) he told his counsel that the victim had a gun, but it was possible the victim got rid of it; (8) prior to this offense, defendant tried to avoid trouble; (9) some charges were dropped in the preliminary hearing; (10) his gun had a broken trigger, which could have played a role in its discharge; (11) the victim wanted the charges against defendant dropped; (12) he has a "very characteristic behavior"; (13) he did not accept any deal because he pleaded self-defense, he later reversed his plea to avoid deportation; (14) he is sorry and remorseful for the ripple effect that caused the crime; and (15) he has shown good behavior during his 15 years of incarceration.

None of the above contentions have any bearing on the requirements for a petition for relief under section 1170.95.

Accordingly, for the three reasons discussed above, and because defendant's contentions do not state a case for relief under section 1170.95, appellate counsel correctly concluded there was no arguable issue on appeal. We affirm the postjudgment order.

7

DISPOSITION

The postjudgment order is affirmed.


                              IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.